FILED
AUG 21 2013
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            )   Case No. 13CR3063-JAH
                                     )
                Plaintiff,           )   **I N F O R M A T I O N**
                                     )
        v.                           )   Title 18, U.S.C., Sec. 1343 -
                                     )   Wire Fraud
SHAWN ANTHONY JOYCE,                 )
                                     )
                Defendant.           )
                                     )
_____)

The United States Attorney charges:

### INTRODUCTORY ALLEGATIONS

1. On November 1, 2008, Defendant SHAWN ANTHONY JOYCE was discharged from active duty in the United States Marine Corps with the rank of Captain, and entered the Marine Corps Reserves. Beginning in December 2008, JOYCE sought and obtained a series of orders placing him back on active duty at Marine Corps Base Camp Pendleton ("Camp Pendleton").

2. Under certain circumstances, reservists who are called to active duty become eligible for an allowance for lodging, transportation, meals, and incidental expenses for the term of their activation (collectively, "travel payments"). In order to obtain travel payments, a servicemember is required to signed and submit a

Defense Department Form 1351-2 (also referred to as a "travel voucher"). In order to obtain lodging payments as a component of travel payments, a servicemember is also required to submit documentation of claimed lodging expenses, in the form of rental receipts and/or leases.

3. Shortly before JOYCE's initial discharge from the Marine Corps in November 2008, JOYCE applied to the Department of Veterans Affairs (the "VA") for disability benefits. He thereafter received a rating from the VA, and began receiving monthly VA disability benefits.

4. Under federal law, a servicemember receiving VA disability benefits is not entitled to simultaneously receive active duty compensation, and is required to advise the VA when he or she resumes active duty.

## COUNT 1

### [Wire fraud - 18 U.S.C. § 1343]

5. Beginning on or about May 1, 2009, and continuing to on our about May 10, 2011, in the Southern District of California, defendant SHAWN ANTHONY JOYCE knowingly and with the intent to defraud devised and executed a fraudulent scheme to obtain lodging payments from the Defense Department by submitting materially false travel vouchers and fraudulent rental receipts, and by concealment and omission of material facts. As part of that scheme:

a. JOYCE signed and submitted to the Defense Department false travel vouchers that sought payment for lodging expenses that he did not incur or pay.

b. In support of certain of those travel vouchers, JOYCE submitted to the Defense Department documents that falsely purported

1  to be rental receipts for an address at 527 S. Sierra Ave., Solana
2  Beach, California (the "Solana Beach address"), and that falsely
3  purported to evidence that JOYCE had paid $130 per day for lodging at
4  that address.  In fact, as JOYCE knew at the time he submitted these
5  documents, (i) he had created these documents himself, (ii) he signed
6  the signature of the purported "owner" or "owner/agent/operator" of
7  the property, (iii) the documents were not bona fide rental receipts,
8  (iv) he had not been charged the rental amounts referenced in the
9  documents, and (v) he had not paid the rental amounts referenced in
10 the documents.
11         c.  In support of certain other travel vouchers, JOYCE
12 submitted to the Defense Department documents that falsely purported
13 to be rental receipts for an address at 15926 Maidstone St., Fountain
14 Valley, California (the "Fountain Valley address"), and that falsely
15 purported to evidence that JOYCE had paid $3700 per month for lodging
16 at that address.  In fact, as JOYCE knew at the time he submitted
17 these documents, (i) he had created these documents himself, (ii) the
18 documents were not bona fide rental receipts, (iii) he had not been
19 charged the rental amounts referenced in the documents, and (iv) he
20 had not paid the rental amounts referenced in the documents.
21         6.  In furtherance of the scheme, on the dates set forth below,
22 JOYCE knowingly submitted the following false claims for payment,
23 which were paid by the Defense Department:

| Date    | Address      | Amount |
|---------|--------------|--------|
| 5/1/09  | Solana Beach | 3900   |
| 6/19/09 | Solana Beach | 1170   |
| 8/4/09  | Solana Beach | 4680   |
| 9/1/09  | Solana Beach | 4030   |

| Date | Location | Amount |
|---|---|---|
| 10/1/09 | Solana Beach | 3900 |
| 11/2/09 | Solana Beach | 4030 |
| 12/7/09 | Solana Beach | 3900 |
| 1/13/10 | Solana Beach | 4030 |
| 2/2/10 | Solana Beach | 4030 |
| 3/1/10 | Solana Beach | 3640 |
| 4/10/10 | Solana Beach | 4030 |
| 3/16/11 | Fountain Valley | 3700 |
| 5/10/11 | Fountain Valley | 3700 |
| Total | | $48,740 |

7. Also in furtherance of the scheme, JOYCE created an email address in the name of E. M., a former roommate and landlord, without the consent of that individual. JOYCE used the email address to forward fraudulent rental documents to himself, which he then forwarded to personnel at the Marine Corps.

8. Also in furtherance of the scheme, JOYCE caused the use of interstate wires, in that the Defense Department made payment on the fraudulent claims by direct deposit into JOYCE's bank account; in violation of Title 18, United States Code, Section 1343.

## COUNT 2

### [Wire fraud - 18 U.S.C. § 1343]

9. Beginning on or about June 22, 2010, and continuing through September 2011, in the Southern District of California, defendant SHAWN ANTHONY JOYCE knowingly and with the intent to defraud devised and intended to devise a material scheme and artifice to defraud the United States Department of Veterans Affairs and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment and omission of material facts, by obtaining and increasing his disability benefits

1 | from the VA, while simultaneously receiving active duty compensation.
2 | As part of that scheme:

3 |         a.   On June 17, 2010, shortly before the expiration of his
4 | then current active duty orders on June 22, 2010, JOYCE submitted to
5 | the VA a request for an increase of his disability rating.

6 |         b.   On June 22, 2010, JOYCE was discharged from active
7 | duty. He provided the VA with notice of his discharge, making him
8 | eligible to receive VA disability benefits.

9 |         c.   Shortly thereafter, JOYCE obtained a new set of active
10 | duty orders, effective June 22, 2010, and began receiving active duty
11 | compensation.

12 |         d.   JOYCE knew that he was not entitled to receive VA
13 | disability benefits while receiving active duty compensation. He
14 | willfully failed to advise the VA about his return to active duty.
15 | Instead, in September 2010 and again in January 2011, he contacted the
16 | VA to check the status of his request for an increased disability
17 | rating. During these communications with the VA, he fraudulently
18 | omitted to disclose that he was receiving active duty compensation.

19 | 10.   In furtherance of the scheme, from July 2010 through
20 | September 2011, and while JOYCE was receiving active duty
21 | compensation, JOYCE obtained from the VA payments totaling $41,862.
22 | //
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

11. In furtherance of the scheme, JOYCE caused the use of interstate wires, in that the VA made payment of these amounts by direct deposit into JOYCE's bank account; in violation of Title 18, United States Code, Section 1343.

DATED: 8/21/13

LAURA E. DUFFY
United States Attorney

*/s/ Robert Huie*

ROBERT S. HUIE
Assistant U.S. Attorney